1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT FOR THE

9                         EASTERN DISTRICT OF CALIFORNIA

10

11   ALFRED McLEOD,                )        1:05-cv-01294-OWW-DLB-P
                                    )
12            Plaintiff,            )
                                    )
13   vs.                           )        **FINDINGS AND RECOMMENDATIONS**
                                    )        **RE DISMISSAL OF ACTION**
14   J. WOODFORD, et al.,           )        (Doc. 14)
                                    )
15            Defendants.           )
                                    )
16   ─────────────────────────────

17       Plaintiff, Alfred McLeod ("plaintiff"), is a state prisoner

18   proceeding pro se and in forma pauperis in this civil rights action

19   pursuant to 42 U.S.C. § 1983.

20       On September 18, 2006, the court issued an order requiring

21   plaintiff to file an amended complaint within thirty (30) days from

22   the date of service of that order.  The thirty-day period has

23   passed, and plaintiff has failed to comply with or otherwise

24   respond to the court's order.

25       Local Rule 11-110 provides that "failure of counsel or of a

26   party to comply with these Local Rules or with any order of the

27   Court may be grounds for the imposition by the Court of any and all

28   sanctions . . . within the inherent power of the Court."  District

                                    1

courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

//

2

1    In the instant case, the court finds that the public's

2  interest in expeditiously resolving this litigation and the court's

3  interest in managing the docket weigh in favor of dismissal.  The

4  third factor, risk of prejudice to defendants, also weighs in favor

5  of dismissal, since a presumption of injury arises from the

6  occurrence of unreasonable delay in prosecuting an action.

7  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth

8  factor -- public policy favoring disposition of cases on their

9  merits -- is greatly outweighed by the factors in favor of

10  dismissal discussed herein.  Finally, a court's warning to a party

11  that his failure to obey the court's order will result in dismissal

12  satisfies the "consideration of alternatives" requirement.  Ferdik

13  v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson,

14  779 F.2d at 1424.  The court's order of September 18, 2006,

15  expressly stated: "The failure to file an amended complaint will

16  result in a recommendation that this action be dismissed, without

17  prejudice, for failure to obey a court order."  Thus, plaintiff had

18  adequate warning that dismissal would result from non-compliance

19  with the court's order.

20    Accordingly, the court HEREBY RECOMMENDS that this action be

21  DISMISSED, without prejudice, based on plaintiff's failure to obey

22  the court's order of September 18, 2006.

23    These Findings and Recommendations are submitted to the United

24  States District Judge assigned to the case, pursuant to the

25  provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days**

26  after being served with these Findings and Recommendations,

27  plaintiff may file written objections with the court.  Such a

28  document should be captioned "Objections to Magistrate Judge's

3

1  Findings and Recommendations."  Plaintiff is advised that failure

2  to file objections within the specified time may waive the right to

3  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

4  (9th Cir. 1991).

5       IT IS SO ORDERED.

6       **Dated:   November 17, 2006**                    _____**/s/ Dennis L. Beck**_____
       3c0hj8                              UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28